```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

Christopher Main,                  :
    Plaintiff,             :
                            :
    v.                      :     File No. 1:09-CV-157
                            :
Vermont Supreme Court,             :
    Defendants.            :

## OPINION AND ORDER
(Paper 1)

*Pro se* plaintiff Christopher Main has filed a motion pursuant to Fed. R. Civ. P. 60(b), asking this Court to compel the Vermont Supreme Court to reach the merits of an appeal in a civil case.  Main claims that the Vermont Supreme Court dismissed his appeal on procedural grounds, and that the dismissal violated his constitutional rights.

Pending before the Court is Main's motion for leave to proceed *in forma pauperis.*  Before a court grants an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis.  See 28 U.S.C. § 1915(e)(2).  A court must dismiss the complaint *sua sponte* if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Main filed a nearly-identical action previously, seeking federal court intervention in his state court case by means of a

writ of mandamus. Main v. Estate of Gerard Altieri *et al.,* File No. 1:09-CV-108. There, the Court dismissed his claim *sua sponte*, holding that it had "no jurisdiction to compel action by state officials via a writ of mandamus." Id. (Paper 2 at 2) (citing Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969)). The Court further concluded that "federal district courts cannot review state court orders, even when the plaintiff claims that those orders were unconstitutional." Id. (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-88 (1983)).

Main now asks this Court to vacate the Vermont Supreme Court's ruling under Fed. R. Civ. P. 60(b). For the reasons set forth in Main's previous case, the Court will not review an order issued by the Vermont Supreme Court. See Feldman, 460 U.S. at 482-88; Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Hoblock v. Albany Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Furthermore, "Rule 60(b) provides relief only from a judgment in a federal court." Pandozy v. Segan, 518 F. Supp. 2d 550, 555 (S.D.N.Y. 2007) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (court has inherent power to vacate its own judgment)). This case is therefore DISMISSED, with no leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)

2

(denying request to amend as futile). Main's motion to proceed *in forma pauperis* (Paper 1) is DENIED as moot.

Dated at Brattleboro, in the District of Vermont, this 30th day of June, 2009.

/s/ J. Garvan Murtha  
J. Garvan Murtha  
United States District Judge